*McKenna*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO FOOD SERVICE, INC.,

          Plaintiff,

-against-

NORWEGIAN CRUISE LINE LIMITED, COLIN VEITCH, ANDREW STUART and WILLIAM HAMLIN,

**JUDGE McKENNA**

Case No.:

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER**

**'09 CIV 6647**

    UPON the annexed certification of Paul D'Arrigo, dated July 21, 2009, with exhibits, the application and certification of Leonard Kreinces, Esq., both dated July 24, 2009, as to why notice should not be required pursuant to Fed. R. Civ. P. 65(b), Complaint, and the accompanying Memorandum of Law, it is

    ORDERED, that the defendants, NORWEGIAN CRUISE LINE LIMITED, COLIN VEITCH, ANDREW STUART and WILLIAM HAMLIN, show cause before the Honorable LAWRENCE M. McKENNA United States District Judge, at the United States Courthouse, 500 Pearl Street, New York, New York, on ___JULY 31___, 2009 at _11_ o'clock a.m./p.m., or as soon thereafter as counsel can be heard, why a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure should not issue enforcing the statutory trust under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(4), by enjoining the defendants, their agents, employees, successors, banking institutions, attorneys, and all other persons in active concert and participation with them from using PACA trust assets in their ordinary course of business, or otherwise dissipating trust assets, or making payment of any trust asset to any creditor,

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/27/09_

person or entity until further order of this Court or until the defendants pay $596,126.27, plus interest, costs, and attorneys fees to the plaintiff; and

IT APPEARING to the Court from the certification of Paul D'Arrigo, that the defendants are about to commit the acts hereinafter specified and that they will do so unless restrained by order of this Court, and that immediate and irreparable injury, loss or damage will result to plaintiff before notice can be given and the defendants or their attorneys can be heard in opposition to the granting of a temporary restraining order, in that plaintiff and other PACA trust creditors will suffer immediate and irreparable injury in the form of a loss of trust assets; it is therefore

ORDERED, that defendants, Norwegian Cruise Line Limited, Colin Veitch, Andrew Stuart and William Hamlin, their agents, officers, assigns, banking institutions and attorneys and all persons in active concert and participation with them be and they hereby are:

(i)  temporarily restrained from violating the provisions of the Perishable Agricultural Commodities Act 7 U.S.C. §499a et seq. (hereinafter °PACA") and the regulations promulgated thereunder; and

(ii)  temporarily restrained from, in any way, directly or indirectly, in whole or in part, absolutely or as security, paying, withdrawing, transferring, assigning or selling any and all existing PACA trust assets, including but not limited to the premises located at 7665 Corporate Center Drive, Miami, Florida 33126 and/or otherwise disposing of company or personal assets to any creditors, persons or entitles until further order of this Court or until the defendants pay the plaintiffs the sum of $596,126.27 plus interest, costs, and attorneys fees, and

(iii)  ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendants, the defendants must account

Exhibit A     Exhibit B

to this Court and counsel for the plaintiff for the following items generated in defendants business, to wit: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities, and any and all receivables or proceeds from such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security since the establishment of the PACA trust with a description of the property involved, the recipient, the date and the purpose of the distribution; and

(iv) ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendants, the defendants must account to this Court and counsel for the plaintiff for all assets in defendants' ownership, possession, custody and/or control, or in the possession, custody and/or control of entities controlled by defendants, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of the sale of perishable agricultural commodities by Norwegian, and, if not, the source of such assets; and

(v) ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from Norwegian's operations and received or transferred by them which are lawfully obtainable by Norwegian; and

(vi) ordered to segregate and escrow all proceeds from the sale of perishable agricultural commodities in a trust account to be designated "Norwegian Cruise Line Limited PACA Escrow Account" with plaintiff's counsel, Kreinces & Rosenberg, P.C., as escrow agent, depositing therein all cash assets of the PACA trust, no withdrawals to be made therefrom pending further order of this Court; and

(vii) ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendants, the defendants must deliver to plaintiff's counsel a complete list of all accounts receivable of Norwegian, generated by its perishable agricultural commodities business with those receivables being collected by defendants' or plaintiff's counsel and deposited in the "Casa de Campo PACA Escrow Account," and it is further

ORDERED, that this Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order, and it is further

ORDERED, that this order will expire ten (10) days after entry unless within such time the order for good cause shown is extended for a like period, or unless the defendants consent that it may be extended for a longer period; and it is further

ORDERED, that the plaintiff shall not be required to post a bond hereunder, and it is further

ORDERED, that this order to show cause together with copies of the papers upon which it was granted be served upon the defendants, Norwegian Cruise Line Limited, Colin Veitch, Andrew Stuart and William Hamlin, or their attorneys by overnight delivery on or before ___JULY 27___, 2009, before 5:00 p.m.; and it is further

ORDERED, that opposing papers shall be served so as to be received by plaintiff's counsel, and courtesy copies received by the Court, ~~by noon on~~ _AS DIRECTED ON_, ~~2009~~ 7/31/09.

This Temporary Restraining Order is entered this __27__ day of ___JULY___, 2009 at __11:55__ a.m./~~p.m.~~ A hearing on plaintiff's motion for a preliminary injunction is scheduled for ___JULY 31___, 2009 at __11__ a.m./~~p.m.~~ _OR SUCH ADJOURNED DATE AS MAY BE DIRECTED_

Dated: July __27__, 2009

_____M.V._____ 7/27/19
U.S.D.J.